IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Cooper, #118061,<br>                          Plaintiff,<br><br>v.<br><br>Amy L. Smith, Nurse Adm./Mgr II, in her official and individual capacity,<br>                          Defendant. | C/A No. 5:11-755-CMC-KDW<br><br><br><br>Report and Recommendation |

      Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). This matter is before the court on the Motion for Summary Judgment filed by the Defendant on September 27, 2011. ECF No. 29. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on September 28, 2011, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 30. Plaintiff responded to Defendant's motion on November 8, 2011, Defendant replied on November 17, 2011, and Plaintiff filed a response to Defendant's reply on January 19, 2012, making this motion ripe for consideration. ECF Nos. 34, 35, 43. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because Defendant's Motion for Summary Judgment is dispositive, a Report and Recommendation is entered for the court's review.

I.      Background

      Plaintiff Terry Cooper, an inmate at Evans Correctional Institution ("ECI"), filed a Complaint on March 29, 2011 alleging that while housed at ECI he suffered a number of

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

constitutional violations and other deprivations relating to ECI's failure to provide adequate medical treatment and violations of the ADA. ECF No. 1. Specifically, Plaintiff complains that he did not receive shoes ordered for him on May 12, 2010 by Dr. Beinor, a former physician at SCDC during the relevant time period. ECF No. 35 at 1. Plaintiff complains that Defendant Amy L. Smith, a registered nurse employed as the Health Care Authority at ECI, failed to order his shoes and was deliberately indifferent to his medical needs. ECF No. 1 at 4; 29-4 at 1. Plaintiff brings a claim under the ADA, and also alleges he was "denied access to adequate medical care under the Eighth Amendment to the U.S. Constitution." ECF No. 1 at 4. Plaintiff seeks declaratory relief, injunctive relief, that Defendant provide Plaintiff with diabetic shoes, a jury trial, and costs. ECF No. 1 at 5.

Plaintiff is an insulin dependent diabetic who suffers from diabetic neuropathy on both feet. *See* ECF No. 29-5 at 34. In support of summary judgment, Defendant submitted an affidavit from Dr. Paul C. Drago, Plaintiff's current primary care physician at ECI. Dr. Drago attests that pursuant to SCDC policy, only inmates with conditions such as foot ulcers or congenital deformity qualify for specially made prescription shoes. Drago Aff., ECF No. 29-3 at 3. Dr. Drago explains that Plaintiff's condition does not qualify him for custom shoes and therefore Dr. Drago's predecessor, Dr. Beinor, on May 17, 2010, ordered Plaintiff a "Converse type[2] tennis shoe that fit as substitute for diabetic shoe." ECF No. 29-3 at 2; 29-4 at 3. Plaintiff was measured for these shoes on July 1, 2010, and Defendant submitted a request to order the shoes, received approval on July 26, 2010, and submitted a transfer voucher for the shoes on August 17, 2010. ECF No. 29-4 at 3. The Defendant Amy Smith also submitted an affidavit where she attests that she is a registered nurse employed by SCDC as the Health Care Administrator at ECI

---

[2] Converse is a brand of lace-up sneaker constructed out of canvas. *See* official Converse website at http://www.converse. com.

and is familiar with Plaintiff. ECF No. 29-4 at 1. Defendant attests that all inmates are issued slip-on shoes and inmates may also buy athletic shoes from the canteen. Smith Aff., ECF No. 29-4 at 3. Defendant ordered the shoes for Plaintiff through the prison canteen, however, the canteen initially ordered the wrong type of shoe. *Id.* Defendant attempted to change the order but the incorrect shoes arrived in February 2011. ECF No. 29-4 at 3. Defendant submitted a transfer voucher on March 9, 2011 and the New Balance[3] athletic shoes arrived on June 23, 2011 and were delivered to Plaintiff on June 27, 2011. *Id.*

Dr. Drago examined Plaintiff on August 8, 2011, after he received the New Balance shoes and found that Plaintiff's "feet looked normal, and he had good capillary refill." ECF No. 29-3 at 2. Dr. Drago also noted that the New Balance shoes received by Plaintiff "conform to Dr. Beinor's order, and are appropriate for [Plaintiff's] medical condition." *Id.* Dr. Drago explained that he "never noted [Plaintiff] to have sores or ulcers on his feet" and in his opinion Plaintiff's foot pain was most probably a "result of his diabetic neuropathy, which is caused by his diabetes, and not by his shoes." *Id.* Dr. Drago also contends that Plaintiff did not suffer any worsening of his condition in the time before his New Balance shoes arrived. *Id.*

II. Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed

---

[3] New Balance is a brand of athletic footwear. *See* official website at http://www.newbalance.com.

by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence and arguments submitted, the undersigned recommends that Defendant's Motion for Summary Judgment be granted, thus ending this case.

III.    Analysis

A. Eighth Amendment Claim

"An inmate's complaint of inadequate medical care amounts to a constitutional violation if the inmate alleges 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). To prevent the entry of summary judgment on a cause of action for deliberate indifference to medical needs, Plaintiff must present evidence sufficient to create a genuine issue of fact that Defendant was deliberately indifferent to his serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. at 104-05. Deliberate indifference to a serious medical need requires proof that each Defendant knew of and disregarded the risk posed by the Plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 837. An assertion of mere negligence or malpractice is not enough to state a constitutional violation, plaintiff must allege and demonstrate "[deliberate indifference] … by either actual intent or reckless disregard." *Miller v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). In other words, a plaintiff must allege facts

4

demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miller*, 896 F.2d at 851.

Defendant moves for summary judgment on Plaintiff's medical claims,[4] contending the medical records show that Plaintiff was treated for his medical complaints, and it was Plaintiff who missed appointments, failed to appear to take his insulin, and was non-compliant with his prescribed diet. ECF No. 29-4, 29-5. Defendant also argues that Plaintiff's feet did not experience a change in condition while he waited to receive his tennis shoes, and that Plaintiff never suffered any ulcers or sores on his feet as a result of his shoes or otherwise. ECF No. 29-3 at 3. Plaintiff responds to this argument by contending that Defendant did not order Plaintiff's shoes on May 12, 2010, when the shoes were approved[5], and that Plaintiff did not receive his shoes until June 27, 2011. ECF No. 34 at 2, 43 at 2. Plaintiff contends that the only reason that he received any shoes was because he filed a lawsuit against Defendant. ECF No. 43 at 5.

Under some circumstances, a significant delay in medical treatment may give rise to a constitutional violation. *Webb v. Hamidullah*, 281 Fed. Appx. 159, 166 (4th Cir. 2008). "An Eighth Amendment violation only occurs, however, if the delay results in some substantial harm to the patient." *Id.* (internal citations omitted). *See also Wood,* 900 F.2d at 1335 (finding that a mere delay in treatment does not constitute a violation of the Eighth Amendment unless the delay causes substantial harm). Substantial harm may be most persuasively demonstrated where the delay in treatment causes further injury to the inmate, but the requirement may also be met

---

[4] Defendant also moves for summary judgment alleging that Plaintiff's Complaint has not established a claim for medical malpractice. ECF No. 29-1 at 7. In response to this argument, Plaintiff admits that he did not assert a claim for medical malpractice. ECF No. 34 at 2.
[5] Medical records submitted by Defendant indicate that Dr. Beinor "signed off" on ordering the shows on May 17, 2010. ECF No. 29-5 at 34.

where the delay causes unnecessarily prolonged pain and suffering. *Webb v. Driver*, 313 Fed. Appx. 591, 593 (4th Cir. 2008).

Nothing in the record suggests that the delay in procuring Plaintiff's shoes was the result of "actual intent or reckless disregard." In fact, the record demonstrates that Defendant made a number of attempts to secure Plaintiff's shoes, and that the delay was, in part, due to an error by the canteen in fulfilling the order. ECF No. 29-4 at 3. Plaintiff's allegations do not rise to the level of "substantial harm" necessary to make the delay in treatment actionable. Defendant has offered undisputed evidence that Plaintiff's foot pain is related to his condition, and not to his shoes, and that Plaintiff did not suffer any worsening of his condition in the time before the New Balance shoes were delivered. ECF No. 29-3 at 3.

In an effort to avoid summary judgment, Plaintiff now contends that the tennis shoes he received do not take the place of diabetic shoes. ECF No. 43 at 5-6. This claim is without merit. The record establishes that Dr. Beinor ordered Converse type tennis shoes as a substitute for diabetic shoes, ECF No. 29-5 at 34, and the fact that Plaintiff disagrees with the doctor's order is insufficient to establish medical indifference. *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975) (finding that a disagreement between physician and inmate over the type of medical care provided is not enough to constitute deliberate indifference). The evidence before the court is insufficient to raise a genuine issue of fact as to whether Defendant was deliberately indifferent to Plaintiff's serious medical needs, and therefore, Plaintiff's §1983 medical claim should be dismissed. The undersigned recommends that summary judgment be granted to Defendant on this claim.

B. ADA Claim

Although not clear, Plaintiff appears to assert a claim under the ADA concerning his inability to go to work camp because he is a diabetic, and because he was denied access to medical care. ECF No. 34 at 2. Defendant moves for summary judgment on this claim contending that Plaintiff has not presented a cognizable claim under the ADA because Plaintiff has not established that he is a person with a disability as defined under the ADA, nor has he alleged in what manner Defendant has violated the provisions of the ADA. ECF No. 29-1 at 6. Defendant also contends that Plaintiff has not alleged that Defendant denied him any opportunities because of his diabetes. ECF No. 35 at 3.

To establish a prima facie case under Title II of the ADA, Plaintiff must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See *Constantine v. George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005); *Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999).

The Fourth Circuit has found that prisoners have no entitlement to a job and therefore Plaintiff is unable to show that this inability to attend work camp is a constitutional violation. *See Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978) (custody classifications and work assignments are generally within the discretion of the prison administrator); *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D.Va.1997) (prisoner did not have a protected interest in continued employment because lack of employment was clearly within the range of confinement which could be expected by most inmates). Insofar as Plaintiff may be claiming that the institution denied him

proper medical care by denying him access to diabetic shoes, Plaintiff has failed to show he was treated in this manner because of his disability. *See Miller v. Hinton*, 288 Fed. Appx. 901, 903 (4th Cir. 2008) (finding that the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners"). The undersigned, therefore, recommends that summary judgment be granted to Defendant on this claim.

C. Qualified Immunity

Defendant asserts that she is entitled to summary judgment under the defense of qualified immunity. Pursuant to *Harlow v. Fitzgerald*, defendants sued in their individual capacities are entitled to qualified immunity if their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person should have known. 457 U.S. 800, 818 (1982). As discussed above, Plaintiff failed to show that Defendant violated any of his clearly established constitutional or statutory rights. Therefore, Defendant is entitled to qualified immunity in her individual capacity and the undersigned recommends that Plaintiff's claim against Defendant in her official capacity be dismissed.

D. Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant's Motion for Summary Judgment, ECF No. 29, be GRANTED, and that this case be dismissed.

IT IS SO RECOMMENDED.

*[signature: Kaymani D. West]*

June 27, 2012
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**