IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Terry Cooper, #118061, | ) | C/A NO. 5:11-755-CMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Amy L. Smith, Nurse Adm./Mgr II, in her official and individual capacity, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On June 27, 2012, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on July 18, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusion of the Report that summary judgment should be granted to Defendant in her individual capacity. Therefore, the Report is adopted by reference in this Order.

Plaintiff's objections are essentially reassertions of the issues presented in his complaint and in response to Defendant's summary judgment motion. The objections contain conclusory statements which fail to convince this court that the Report erred in its legal or factual analysis.

Neither Defendant's motion nor the Report address Plaintiff's claims against Defendant in her official capacity. Defendant Smith is an employee of the South Carolina Department of Corrections (SCDC) which is an "arm of the state." As such, she is treated as an "arm[ ] of the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Therefore, to the extent sued in this "official capacity," Defendant is immune from suit.

Accordingly, Defendant is entitled to judgment as to all of Plaintiff's claims, and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 19, 2012